UNITED STATES of America, Plaintiff–Appellee,

v.

**Josue COUTO–AGUIRRE, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Saul GARCIA–CABELLO, Defendant–Appellant.**

Nos. 13–50590, 13–50594.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2015.*

Filed March 4, 2015.

Brandon James Kimura, Esq., Bruce R. Castetter, Special Assistant U.S., office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Paul Douglas Turner, Law Offices of Paul D. Turner, San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Josue Couto–Aguirre (Couto) and Saul Garcia–Cabello (Garcia) appeal the district court's rejection of a two-level decrease in their offense level calculations based on their minor roles in the offense of conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand for resentencing.

The district court clearly erred in denying a minor role adjustment because there was no evidence in the record to support its finding that Couto and Garcia knew that there were drugs in the tires of the truck on the first trip. *United States v. Rodriguez–Castro*, 641 F.3d 1189, 1192 (9th Cir.2011); *United States v. Fitch*, 659 F.3d 788, 797 (9th Cir.2011). The district judge erroneously relied on speculation as to what Couto and Garcia must have "felt" when driving or riding in the truck. The district court itself noted that in prior, similar cases, expert testimony on the effect of drug-laden tires had been introduced to address the issue of knowledge.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Moreover, here Couto and Garcia crossed the border without incident, further undermining the court's views as to the obviousness that substantial quantities of drugs were in the truck's tires. The district judge therefore based his denial of the minor role adjustment on unsupported, anecdotal experience, which constitutes clear error. *Rodriguez–Castro*, 641 F.3d at 1192.

As the government recognized when it recommended a minor role adjustment for both Couto and Garcia, they each may very well be entitled to such an adjustment. We therefore vacate the sentences imposed and remand for resentencing.

**VACATED and REMANDED.**

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.